2:11-cv-14604-RHC-LJM   Doc # 11   Filed 06/21/12   Pg 1 of 6   Pg ID 458

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

THEODORE BELL,

    Petitioner,

v.                                                     Case No. 11-cv-14604

STEVEN RIVARD,

    Respondent.
_____/

**ORDER DENYING PETITIONER'S "MOTION TO HOLD PETITION
FOR WRIT OF HABEAS CORPUS IN ABEYANCE" AND
DISMISSING WITHOUT PREJUDICE**

    Petitioner Theodore Bell, a prisoner at the St. Louis Correctional Facility in St. Louis, Michigan, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his convictions for second-degree murder, assault with intent to cause great bodily harm, felon in possession of a firearm, and use of a firearm in the commission of a felony. The petition asserts the following three claims of ineffective assistance on the part of Petitioner's trial counsel: (1) counsel did not to have Petitioner evaluated to determine whether he was competent to stand trial or plead guilty; (2) counsel did not conduct an adequate pretrial investigation; and (3) counsel was not present at Petitioner's guilty plea. Pending before the court is Petitioner's "Motion to Hold Petition for Writ of Habeas Corpus in Abeyance," in which he states that he has not exhausted the third ineffective assistance claim and requests that the court stay the case and hold the petition in abeyance pending exhaustion of the claim. Respondent filed an answer to the petition, arguing, *inter alia*, that Petitioner's

motion to hold the petition in abeyance should be denied because the claim is meritless. Having reviewed the motion and briefs, the court concludes that a hearing is unnecessary. *See* E.D. Mich. 7.1(f)(2). For the reasons stated below, the court will deny Petitioner's motion and dismiss the petition without prejudice to the right of Petitioner to refile an amended petition or to seek federal habeas relief after he exhausts the third claim of ineffective assistance.

A prisoner filing a petition for a writ of habeas corpus under § 2254 must first exhaust all available state remedies. *See* 28 U.S.C. § 2254(b)(1)(A). Exhaustion requires a petitioner to "fairly present" each issue he seeks to raise on habeas review to the state courts before he files a petition. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)*; see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). In other words, the prisoner must assert both the factual and legal bases for the claims to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). Furthermore, "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

When presented with a mixed petition—that is, one containing both exhausted and unexhausted claims—a federal district court must generally dismiss the entire petition without prejudice, "leaving the prisoner with the choice of returning to state court

2

to exhaust his claims or amending and resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982). However, since the imposition of a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), a dismissal of a mixed petition may operate so as to preclude future habeas review if the statute of limitations has expired. In such a case, the Sixth Circuit has held that a district court may stay a mixed petition to allow a petitioner to present unexhausted claims to the state courts. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). The Supreme Court has made clear that the stay-and-abeyance procedure should only be available in "limited circumstances" because excessive use of the procedure threatens the Antiterrorism and Effective Death Penalty Act's dual purposes of finality of judgment and encouraging petitioners to first exhaust their claims in state courts. *See Rhines v. Weber*, 544 U.S. 269, 276-77 (2005). *Rhines* dictates that staying a petition is only appropriate if a petitioner shows (1) there is "good cause" for his failure to exhaust, (2) the unexhausted claims are not "plainly meritless," and (3) the petitioner has not engaged in "intentionally dilatory litigation tactics." *Id.* at 278. Where a stay is inappropriate, "the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims *if* dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." *Id.* (emphasis added) (citing *Rose*, 455 U.S. at 520).

Petitioner has not proffered any explanation, let alone one that constitutes "good cause," of why he did not exhaust the third claim of ineffective assistance in the state courts before seeking federal relief on the claim. The mere fact that appellate counsel did not raise the issue on direct appeal does not excuse Petitioner's failure to exhaust

the claim before seeking habeas relief in the federal court. To be sure, courts, on occasion, have found sufficient to satisfy *Rhines'* "good cause" requirement a petitioner's allegation that his appellate counsel provided ineffective assistance by failing to raise a claim on direct appeal. *See, e.g., Wengorovius v. Scutt,* No. 09-13228, 2009 WL 2849577, at *3 (E.D. Mich. Sept. 1, 2009); *Wright v. Trombley*, No. 07-10965, 2007 WL 4181316, at *2-3 (E.D. Mich. Nov. 27, 2007). *Contra Hubbert v. Renico*, No. 04-71018, 2005 WL 2173612, at *3-4 (E.D. Mich. Sept. 7, 2005) (holding that alleged ineffectiveness of appellate counsel did not constitute "good cause"). Here, though, Petitioner has neither made such an allegation nor proffered any evidence to support a finding of ineffective assistance. Indeed, in spite of seeking a stay, Petitioner has inexplicably failed to explain why the third claim of ineffective assistance was not presented to the state courts. To the extent the mistake can be blamed on Petitioner's presumed inexperience with the procedural requirements of federal practice, ignorance of the law does not constitute "good cause" for failing to exhaust state remedies. *Kint v. Burt*, No. 05-CV-74822, 2007 WL 763173, at *2 (E.D. Mich. Mar. 9, 2007) (quoting *Webber v. Birkett*, 06-CV-13878, 2006 WL 2844151, at *3 (E.D. Mich. Sept.29, 2006)); *cf. Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (holding that ignorance of the law does not excuse untimely filings). If Petitioner has, as he suggests, a viable federal claim, it should be presented to, and addressed by, the state courts in the first instance. Having not shown that "good cause" exists to justify nonexhaustion of the third ineffective assistance claim, the petition cannot be stayed pending exhaustion under *Rhines*.

    Moreover, dismissing the petition without prejudice to allow Petitioner to exhaust

the claim or to amend and refile the petition without the unexhausted claim will not unreasonably impair his right to obtain federal relief because the one-year statute of limitations does not expire for more than six months. Under § 2244(d)(1)(A), the limitation period does not begin to run until "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). A conviction is not final until the time for filing a petition for a writ of certiorari with the United States Supreme Court has expired, *Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009), which is ninety days after the entry of judgment in the state court, *see* Sup. Ct. R. 13. Because Petitioner did not file a certiorari petition, his conviction became final on December 26, 2011, ninety days after the Michigan Supreme Court denied his motion for reconsideration. Thus, the limitation period will expire, absent statutory or equitable tolling, on December 26, 2012. The court will therefore dismiss without prejudice the petition pursuant to the Supreme Court's directive in *Rose*. Should Petitioner choose to delete the unexhausted claim and proceed only on the two exhausted claim, he may move to re-open the case and file an amended petition. Accordingly,

      IT IS ORDERED that Petitioner's "Motion to Hold Petition for Writ of Habeas Corpus in Abeyance" [Dkt. # 7] is DENIED.

      IT IS FURTHER ORDERED that the petition is DISMISSED WITHOUT PREJUDICE. Should Petitioner wish to delete the unexhausted claim and proceed only on his fully exhausted claims, he may move to re-open this case and amend his petition

to proceed on the exhausted claims on or before **July 23, 2012**. The Court makes no determination as to the merits of his claims.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: June 21, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 21, 2012, by electronic and/or ordinary mail.

        s/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522